1   SUSAN M. HACK, ESQ. (Bar No. 145347)
    HIGGS, FLETCHER & MACK LLP
2   401 West "A" Street, Suite 2600
    San Diego, CA  92101-7913
3   TEL:  619.236.1551
    FAX:  619.696.1410
4
    Attorneys for Defendant
5   MENU FOODS, INC., a New Jersey corporation

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10                                          '07 CV 070    JAH CAB

11  ROBERT PAYNE and STEVE              CASE NO.
    BARTILUCCI,
12                                      **NOTICE OF REMOVAL OF ACTION;**
                        Plaintiffs,     **DEMAND FOR JURY TRIAL**
13
    v.                                  **[28 U.S.C. § 1441(a)]**
14
    MENU FOODS, INC., a New Jersey
15  corporation, PETCO ANIMAL SUPPLIES,
    INC.; a Delaware corporation, SAFEWAY,
16  INC., a Delaware corporation, THE
    PROCTOR & GAMBLE COMPANY, a
17  Ohio corporation, and DOES 1 through 50,

18                      Defendants.

19

20       **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21       **PLEASE TAKE NOTICE** that defendant, MENU FOODS, INC. (hereinafter referred to

22  as "MENU FOODS" or "Defendant"), pursuant to 28 U.S.C. sections 1441 and 1446, files this

23  Notice of Removal (hereinafter "Notice") of this action from the Superior Court of the State of

24  California for the County of San Diego to the United States District Court for the Southern

25  District of California.  The grounds for removal are as follows:

26  ///

27  ///

28  ///

HIGGS, FLETCHER        801907.1
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO                                          NOTICE OF REMOVAL OF ACTION

## I.   INTRODUCTION

1.   ROBERT PAYNE and STEVE BARTILUCCI, on behalf of themselves, similarly situated consumers, and the general public (hereinafter referred as "Plaintiffs"), commenced this products liability action in the Superior Court of the State of California, County of San Diego, entitled <u>ROBERT PAYNE and STEVE BARTILUCCI v. MENU FOODS, INC., a New Jersey corporation, PETCO ANIMAL SUPPLIES INC., a Delaware corporation, SAFEWAY, INC., a Delaware corporation, THE PROCTER & GAMBLE COMPANY, an Ohio Corporation, and DOES 1 THROUGH 50,</u> Case No, 37-2007-00064159-CU-PL-CTI, on March 28, 2007. Plaintiffs allege that their pets became ill upon consuming pet food manufactured and distributed by Defendant. Plaintiffs further claim that they sustained compensatory damages, including veterinarian bills and related expenses, as a result of their pets' illnesses. A true and correct copy of the Complaint is attached hereto and incorporated by reference as **Exhibit A.**

2.   MENU FOODS has yet to be served with a copy of the Summons and the Complaint; however, it makes this Notice having received notice of this action. Pursuant to 28 U.S.C. section 1441, this Notice of Removal is timely filed.

3.   As more fully set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d)(2), and this action is removable under 28 U.S.C. section 1441, because it is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action between citizens of different states. Therefore, pursuant to 28 U.S.C. section1441(a), the Defendant may remove this action to this Court.

## II.   THIS COURT HAS SUBJECT MATTER JURISDICTION

### A.   The Amount in Controversy Requirement Exceeds $5,000,000.

4.   Plaintiffs filed this class action on behalf of themselves as individuals and similarly situated individuals of the United States whose pets became ill and/or died after consuming various brands of allegedly tainted pet food for dogs and cats manufactured by Defendant and distributed and sold throughout the State of California and the country. Plaintiffs allege that they sustained compensatory damages in the form of veterinarian bills and related

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

801907.1                    2

NOTICE OF REMOVAL OF ACTION

1  expenses as a result of their pets' illnesses.  In addition, Plaintiffs estimate that the entire class is

2  "thousands of pet owners."  Plaintiffs' prayer for relief seeks damages in an amount to be

3  determined at trial and costs and disbursements, including attorneys' fees.

4       5.    Plaintiffs allege that the amount in controversy is less than $5,000,000.  When the

5  plaintiff has pled damages less than the jurisdictional amount, the removing defendant must prove

6  with "legal certainty" that the amount in controversy is satisfied.  Lowdermilk v. United States

7  Bank National Association, 479 F.3d 994 (9th Cir. 2007).  In this case, it is with legal certainty

8  that the amount in controversy is a sum greater than $5,000,000.  To wit:  Plaintiffs admit that the

9  proposed class is "thousands of pet owners."  Plaintiffs further allege that MENU FOODS, alone,

10  manufactured dog food sold under 53 different brands and cat food sold under 42 brands.  The

11  alleged contamination period spans three months (December 3, 2006 through March 6, 2007).

12  Moreover, there are numerous pending class actions against MENU FOODS in various federal

13  judicial districts in which the named plaintiffs allege that jurisdiction exists under 28 U.S.C.

14  section 1332(d)(2).  There is no reason to believe that the damages or amount in controversy,

15  exclusive of costs and interests, claimed by the Plaintiffs in this civil action will be less than those

16  alleged in the pending federal cases.  It is with legal certainty that the amount in controversy

17  exceeds $5,000,000, exclusive of costs and interest.

18       6.    The Defendant has, therefore, met its burden of showing to a legal certainty that

19  the amount in controversy satisfies the federal jurisdictional amount.

20  **B.**    **Complete Diversity of Citizenship Exists.**

21       7.    There is complete diversity of citizenship between the Plaintiffs and the Defendant

22  in this action.  Diversity in a class action is established when "any member of a class of plaintiffs

23  is a citizen of a State different from any defendant."  28 U.S.C. section 1332(d)(2)(A).

24       8.    According to the Complaint, the named Plaintiffs are citizens of the State of

25  California.

26       9.    MENU FOODS is a New Jersey corporation with its principal executive offices

27  located at 9130 Griffith Morgan Lane, Pennsauken, New Jersey 08110.  Pursuant to 28 U.S.C.

28  section 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

801907.1                                3

NOTICE OF REMOVAL OF ACTION

1   been incorporated and of the State where it has its principal place of business." 28 U.S.C. section

2   1332(c)(1).  MENU FOODS is deemed to be a citizen of the state listed above, which not the

3   State of California.

4       10.    The other named defendants, PETCO ANIMAL SUPPLIES, INC., a Delaware

5   corporation, SAFEWAY, INC., a Delaware corporation,, and THE PROCTER & GAMBLE

6   COMPANY, an Ohio Corporation, have not appeared in this action to date.  The "DOE"

7   defendants are wholly fictitious and sham parties against whom no relief is, or could be, sought in

8   this action.  Pursuant to 28 U.S.C. section 1441(a), this Court should disregard the citizenship of

9   any defendant sued under this fictitious name.  Accordingly, it is not necessary that any parties

10  join in this Notice of Removal of Action.

11      11.    This case should be removed to the United States District Court for the Southern

12  District of California pursuant to 28 U.S.C. sections 1332 and 1441, because: (1) the Plaintiffs are

13  a citizen of the State of California; (2) MENU FOODS is not a citizen of the State of California;

14  and (3) the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

15  **III.    PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

16      12.    This Notice of Removal is timely according to 28 U.S.C. section1446(b).

17      13.    The Defendant, in good faith, believes that the amount in controversy exceeds

18  $5,000,000, exclusive of costs and interest, and complete diversity of citizenship exists.

19      14.    The United States District Court for the Southern District of California embraces

20  the county in which the state court action is now pending.  Therefore, this action is properly

21  removed to the Southern District of California pursuant to 28 U.S.C. section 93(a)(1).

22      15.    Pursuant to 28 U.S.C. section1446(d), the Defendant is filing written notice of this

23  removal to all adverse parties and will file a copy of the notice with the clerk of the State court in

24  which this action is currently pending.

25  ///

26  ///

27  ///

28  ///

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

801907.1                                      4

NOTICE OF REMOVAL OF ACTION

1    **WHEREFORE**, MENU FOODS respectfully moves this action from the Superior Court

2    of the State of California for the County of San Diego to the United States District Court for the

3    Southern District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446.

4    <u>**DEMAND FOR JURY TRIAL**</u>

5

6    Pursuant to Federal Rule of Civil Procedure 38, MENU FOODS hereby demands trial by

7    jury in this action.

8

9    DATED: ___18 APR 07___          HIGGS, FLETCHER & MACK LLP

10

11                                                   By:_____

12                                                   SUSAN M. HACK, ESQ.
                                                     Attorneys for Defendant MENU FOODS,
13                                                   INC., a New Jersey corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Higgs, Fletcher
& Mack LLP
Attorneys At Law
San Diego

801907.1                                    5

NOTICE OF REMOVAL OF ACTION

Eric J. Benink, Esq., SBN 187434
KRAUSE KALFAYAN BENINK & SLAVENS, LLP
625 Broadway, Suite 635
San Diego, CA 92101
Tel:    (619) 232-0331
Fax:    (619) 232-4019

David S. Casey, Jr. Esq., SBN 60768
Thomas D. Penfield, Esq., SBN 62380
CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD, LLP
110 Laurel Street
San Diego, CA 92101
Tel:    (619) 238-1811
Fax:    (619) 544-9232

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| ROBERT PAYNE and STEVE BARTILUCCI, | Case No. **37-2007-00064159-CU-PL-CTL** |
|---|---|
| Plaintiffs, | CLASS ACTION COMPLAINT FOR DAMAGES |
| vs. | |
| MENU FOODS, INC., a New Jersey corporation, PETCO ANIMAL SUPPLIES, INC., a Delaware corporation, SAFEWAY, INC., a Delaware corporation, THE PROCTER & GAMBLE COMPANY, an Ohio corporation, and DOES 1 through 50, | [JURY TRIAL DEMANDED] |
| Defendants. | |

Plaintiffs Robert Payne and Steve Bartilucci ("Plaintiffs"), by and through their attorneys, allege upon personal knowledge as to themselves and their acts stated herein, and as to all other matters upon information and belief based upon, *inter alia*, the investigation made by his attorneys, as follows:

# I.
## NATURE OF ACTION

1.    Plaintiffs bring this action on behalf of a class of pet owners residing in California whose pets ingested contaminated pet food manufactured by defendant Menu Foods, Inc. ("Menu Foods"). Plaintiffs fed their pets Priority-branded and Iams-branded food sold by Safeway, Inc. ("Safeway") and Petco Animal Supplies, Inc. ("Petco"), respectively, which resulted in serious injuries and death to the pets. Plaintiffs seek damages to compensate them for their losses.

# II.
## JURISDICTION AND VENUE

2.    The pet food in question was sold to Plaintiffs in San Diego county. The injuries in question have been sustained in San Diego county. Defendant Petco Animal Supplies, Inc.'s principal executive offices are in San Diego County.

# III.
## PARTIES

3.    Plaintiff Robert Payne is a resident of the City of San Diego, California. His pet cat, Nightfall, was severely injured as a result of ingesting tainted Iams-branded cat food manufactured by Menu Foods and sold by Petco.

4.    Plaintiff Steve Bartilucci is a resident of Spring Valley, California, County of San Diego. His pet dog, Cuja, was killed as a result of ingesting tainted Priority-branded dog food manufactured by Menu Foods and sold by Safeway through one of its Vons supermarkets located in the County of San Diego.

5.    Defendant, Menu Foods, Inc. is New Jersey corporation that owns and/or operates manufacturing plants located throughout the United States, including Emporia, Kansas.

6.    Defendant Petco Animal Supplies, Inc. is a Delaware corporation with its principal executive offices located in San Diego, California. It sold the pet food in question through its retail stores and through its web site.

7.    Defendant Safeway, Inc. is a Delaware corporation with its principal executive offices located in Pleasanton, California. It marketed, sold, and distributed the pet food in question under

1  its "Priority" brand and through supermarkets that it owns, including Vons.

2      8.    Defendant The Procter & Gamble Company is an Ohio corporation with its principal

3  executive offices located in Cincinnati, Ohio. It marketed, sold, and distributed the pet food in

4  question through its "Iams" brand.

5      9.    Plaintiffs are unaware of the true names and capacities of defendants sued herein as

6  DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.

7  Plaintiffs are informed and believe, and thereon alleges, that each of said fictitiously-named

8  defendants is in some manner responsible for the acts, omissions, injuries and/or damages alleged

9  herein. Plaintiffs will amend this complaint to allege the true names and capacities of said

10  fictitiously-named defendants when the same have been ascertained.

11
12
### IV.
### SUBSTANTIVE ALLEGATIONS

13      10.    Plaintiff Robert Payne is the owner of Nightfall, a cat that he adopted approximately

14  6 years ago. Nightfall regularly ate Iams Select Bites Adult – Tuna in Sauce. Payne purchased some

15  of this food from a Petco retail store and from Petco's website. In mid-March 2007, Nightfall

16  suddenly became lethargic and would not eat. Payne's wife brought Nightfall to a veterinarian on

17  or about March 19, 2007. He was diagnosed as having renal failure. Payne spent approximately

18  $1900 on treatments and diagnoses. Nightfall continues to struggle, and as of this date, his condition

19  has not improved.

20      11.    Plaintiff Steve Bartilucci was the owner of Cuja, a terrier that he owned for many years.

21  On or about March 14, 2007, Bartilucci fed Cuja Priority Beef and Liver Cuts and Gravy. Bartilucci

22  purchased the food from a Vons store, which is owned by defendant Safeway. The next day,

23  Bartilucci found Cuja hiding in some bushes. She was lethargic and would not eat. On March 15,

24  2006, Bartilucci brought her to a pet emergency center and paid for an examination. Unable to pay

25  for extensive tests recommended by the veterinarian, Bartilucci brought her home hoping that she

26  would recover. Although he nursed her in the ensuing days, she died on March 21, 2007.

27      12.    The pet food consumed by Nightfall and Cuja was manufactured by defendant Menu

28  Foods and was contaminated with toxic substances that caused Nightfall to become sick and Cuja

1  to perish. Upon information and belief, the toxins entered the food supply at defendant's facility in

2  Emporia, Kansas and a second facility in the U.S.

3      13. Menu Foods' facilities manufacture dog food sold under 53 different brands and cat

4  food sold under 42 different brands. Attached hereto as Exhibit A is a list of the brands of cat and

5  dog food. Upon information and belief, the pet food sold under these brands was contaminated in

6  the manufacturing process during the time period December 3, 2006 through March 6, 2007.

7      14. Defendants distributed the pet food with the representation and/or warranty, express or

8  implied, that the tainted food was reasonably safe, was fit for its intended purposes, and was defect-

9  free. Defendants either knew or should have known of a serious defect in the manufacturing process

10  of the pet food at issue, but still distributed, marketed and sold the pet food.

## V.
## CLASS ALLEGATIONS

15.   Plaintiffs bring this suit as a class action under Section 382 of the Code of Civil

Procedure on behalf of the following class and subclasses:

Class

All pet owners residing in California whose cat or dog consumed pet food
manufactured by Menu Foods that was contaminated, and incurred expenses in
connection with the contamination, or whose cat or dog died as a result of the
contamination.

Subclass A

All class members who purchased the pet food in question from defendant Petco.

Subclass B

All class members who purchased the pet food in question from Safeway-owned stores,
including, but not limited to Vons supermarkets.

Subclass C

All class members who purchased the pet food in question under the brand "Iams."

Subclass D

All class members who purchased the pet food in question under the brand "Priority."

16.   Excluded from the class are the defendants herein, any person, firm, trust,

corporation, officer, director or other individual or entity in which the defendants have a controlling

1    interest and the legal representatives, heirs, successors-in-interest or assigns of any such excluded

2    party.

3    17.    There are thousands of pet owners who meet the class and subclass definitions and

4    joinder of all such pet owners would be impracticable.  On information and belief, the amount in

5    controversy does not exceed $5,000,000.  Plaintiffs' claims are typical of the claims of the members

6    of the Class.

7    18.    Plaintiffs will fairly and adequately protect the interests of the members of the Class

8    and Plaintiffs have no interest which is contrary to or in conflict with those of the Class members

9    they seek to represent.  Plaintiffs have retained competent counsel experienced in class action

10   litigation to further ensure such protection and they intend to prosecute this action vigorously.

11   19.    A class action is superior to other available methods for the fair and efficient

12   adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the

13   future harm suffered by individual members of the Class may be relatively small, the expense and

14   burden of individual litigation make it impossible for the members of the Class to individually

15   redress the wrongs done to them.  Plaintiffs know of no difficulty that will be encountered in the

16   management of this litigation that would preclude its maintenance as a class action.

17   20.    Common questions of law and fact exist as to all members of the Class and

18   predominate over any questions affecting solely individual members of the Class.

19

20                                              **VI.**
                                  **FIRST CAUSE OF ACTION**
21                                           NEGLIGENCE
                   **(Against Defendant Menu Foods, Inc. and DOE defendants)**

22   21.    Plaintiffs hereby incorporate by reference each of the preceding allegations as though

23   fully set forth herein.

24   22.    Defendants, and each of them, owed to Plaintiffs a duty of due care.

25   23.    Defendants, and each of them, negligently and carelessly manufactured, tested,

26   maintained, package, delivered, assembled, inspected, recommended, and/or sold said pet food so

27   as to cause it to be in a dangerous, defective, and deleterious condition and unsafe for the use and

28   purpose for which it was intended when used as recommended.  Said condition of the pet food was

1  known to defendants or should have been discovered by them through the exercise of reasonable care

2  and reasonable diligence, but was not disclosed or made known to Plaintiffs.

3      24.  As a direct and legal result of the aforesaid negligence and carelessness of the

4  defendants, Plaintiffs were damaged.

5

6  **VII.**
**SECOND CAUSE OF ACTION**

7  **STRICT LIABILITY**
**(Against all Defendants)**

8

9      25.  Plaintiffs hereby incorporate by reference each of the preceding allegations as though

10  fully set forth herein.

11      26.  Defendants, and each of them, placed into the stream of commerce in the United States

12  the pet food more fully described above while it was in a dangerous and defective condition.

13      27.  Defendants had knowledge that the pet food would be used without inspection for

14  defect.

15      28.  As a direct and legal result of the dangerous and defective condition of said pet food,

16  Plaintiffs suffered damages.

17      29.  Defendants, and each of them, are strictly liable to Plaintiffs.

18

19  **VIII.**
**THIRD CAUSE OF ACTION**

20  **BREACH OF IMPLIED WARRANTY**
**FIT FOR PARTICULAR PURPOSE**
**(Against all Defendants)**

21

22      30.  Plaintiffs hereby incorporate by reference each of the preceding allegations as though

23  fully set forth herein.

24      31.  Defendants, and each of them, were engaged in the design, manufacture, testing,

25  producing, delivering, advertising, selling, assembling, packaging, labeling, and recommending to

26  the general public, the pet food in question, with all knowledge that said products were to be used

27  by the general public. Defendants, and each of them, represented and warranted said products were

28  fit for the purposes intended.

32.   Defendants, and each of them, had reason to know that the Plaintiffs were purchasing the pet food to feed to their pets and that the Plaintiffs were relying on them to furnish pet food suitable for that purpose.

33.   Plaintiffs relied upon said representations and warranties in purchasing the pet food and had no knowledge of the unsafe quality of said products.

34.   The pet food was not fit for the purpose for which it was intended in that it was so defectively manufactured, tested, labeled, packaged, produced, delivered, maintained, assembled and sold, that when used by Plaintiffs in the usual and normal manner, it caused serious and permanent injuries as more fully set forth above.

## IX.
### FOURTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY
### MERCHANTABILITY
### (Against all Defendants)

35.   Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

36.   Defendants, and each of them, are pet food merchants and warranted and represented that said pet food was of merchantable quality.

37.   Said pet food was not of merchantable quality in that when used in a normal manner by Plaintiffs, it caused serious and permanent injuries as more fully set forth above.

## X.
### FIFTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
### (Against all Defendants)

38.   Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

39.   Defendants, and each of them, expressly and by advertising, warranted and represented to the general public and to Plaintiffs that the pet food was reasonably fit for the purposes for which it was intended.

40.   Plaintiffs relied on said warranties and representations.

Complaint for Damages                                    7

41.   The pet food was not fit for the purpose for which it was intended in that, when used in a normal and usual manner, it caused serious and permanent injuries as more fully set forth above.

### PRAYER

WHEREFORE, Plaintiffs request of this Court the following relief:

A.    A determination that this action may be properly maintained as a class action; that Plaintiffs Payne and Bartilucci are adequate class representatives; that Payne is an adequate class representative of subclasses A and C; that Bartilucci is an adequate class representative of subclasses B and D; and that Krause Kalfayan Benink & Slavens, LLP and Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP are appropriate class counsel;

B.    Damages in an amount to be determined at trial;

C.    The costs and disbursements incurred by Plaintiffs in connection with this action, including reasonable attorneys' fees as permitted by law; and

D.    Such other and further relief as the Court deems just and proper.

Dated: March 28, 2007

                                        KRAUSE KALFAYAN BENINK &
                                        SLAVENS, LLP


                                        _____
                                        Eric J. Benink, Esq.
                                        Attorney for Plaintiff

# DOG FOOD BRANDS

1. Americas Choice, Preferred Pets
2. Authority
3. Award
4. Best Choice
5. Big Bet
6. Big Red
7. Bloom
8. Cadillac
9. Companion
10. Demoulas Market Basket
11. Eukanuba
12. Food Lion
13. Giant Companion
14. Great Choice
15. Hannaford
16. Hill Country Fare
17. Hy-Vee
18. Iams
19. Laura Lynn
20. Loving Meals
21. Meijers Main Choice
22. Mighty Dog Pouch
23. Mixables
24. Nutriplan
25. Nutro Max
26. Nutro Natural Choice
27. Nutro Ultra
28. Nutro
29. Ol'Roy Canada
30. Ol'Roy US
31. Paws
32. Pet Essentials
33. Pet Pride – Good n Meaty
34. Presidents Choice
35. Price Chopper
36. Priority Canada
37. Priority US
38. Publix
39. Roche Brothers
40. Save-A-Lot Choice Morsels
41. Schnucks
42. Shep Dog
43. Springsfield Prize
44. Sprout

45. Stater Brothers
46. Stop & Shop Companion
47. Tops Companion
48. Wegmans Bruiser
49. Weis Total Pet
50. Western Family US
51. White Rose
52. Winn Dixie
53. Your Pet

## CAT FOOD BRANDS

1. Americas Choice, Preferred Pets
2. Authority
3. Best Choice
4. Companion
5. Compliments
6. Demoulas Market Basket
7. Eukanuba
8. Fine Feline Cat
9. Food Lion
10. Foodtown
11. Giant Companion
12. Hannaford
13. Hill Country Fare
14. Hy-Vee
15. Iams
16. Laura Lynn
17. Li'l Red
18. Loving Meals
19. Meijer's Main Choice
20. Nutriplan
21. Nutro Max Gourmet Classics
22. Nutro Natural Choice
23. Paws
24. Pet Pride
25. Presidents Choice
26. Price Chopper
27. Priority US
28. Save-A-Lot Special Blend
29. Schnucks
30. Science Diet Feline Savory Cut Cans
31. Sophistacat
32. Special Kitty Canada
33. Special Kitty US
34. Springfield Prize
35. Sprout
36. Stop & Shop Companion
37. Tops Companion
38. Wegmans
39. Weis Total Pet
40. Western Family US
41. White Rose
42. Winn Dixie

1    SUSAN M. HACK, ESQ. (Bar No. 145347)
      HIGGS, FLETCHER & MACK LLP
2    401 West "A" Street, Suite 2600
      San Diego, CA 92101-7913
3    TEL: 619.236.1551
      FAX: 619.696.1410
4
      Attorneys for Defendant
5    MENU FOODS, INC., a New Jersey corporation

6

7

8            **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| ROBERT PAYNE and STEVE BARTILUCCI, | CASE NO. _____ |
| Plaintiffs, | **PROOF OF SERVICE BY MAIL** |
| v. | **TRIAL DATE: No Date Set** |
| MENU FOODS, INC., a New Jersey corporation, PETCO ANIMAL SUPPLIES, INC.; a Delaware corporation, SAFEWAY, INC., a Delaware corporation, THE PROCTOR & GAMBLE COMPANY, a Ohio corporation, and DOES 1 through 50, | |
| Defendants. | |

20       I, the undersigned, declare:

21       I am a resident of the State of California and over the age of eighteen years, and not a

22 party to the within action; my business address is 401 West "A" Street, Suite 2600, San Diego,

23 California 92101. On April 18, 2007, I served the within documents:

24       **1.**     **NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL [28**

25 **U.S.C.§1441(A)]**

26       **2.**     **DEFENDANT'S DEMAND FOR JURY TRIAL**

27       **3.**     **LODGMENT OF STATE COURT FILE**

28       on the interested parties in this action, by placing true copies thereof in a separate

HIGGS, FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

801960.1                                              PROOF OF SERVICE

1

envelope addressed to each addressee, respectively, as follows:

2

3     ☐          By transmitting via facsimile the document(s) listed above to the fax number(s) set
             forth below on this date before 5:00 p.m. A copy of the transmission report issued
4            by the transmitting facsimile machine is attached hereto.

5     ☒          **(BY MAIL):** I deposited such envelope in the mail at San Diego, California. The envelope was
                  mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's
6                 practice for collection and processing of correspondence for mailing with the United
                  States Postal Service; and that the correspondence shall be deposited with the United
7                 States Postal Service this same day in the ordinary course of business. I am aware that
                  on motion of the party served, service is presumed invalid if postal cancellation date
8                 or postage meter date is more than one day after date of deposit or mailing in affidavit.
                  (CCP §§ 1013, 2015.5.)

9

10    **Attorneys for Plaintiffs**

11    Eric J. Benink, Esq.
      KRAUSE KALFAYAN BENINK &
12    SLAVENS, LLP
      625 Broadway, Suite 635
13    San Diego, CA 92101

14    **Tel: (619) 232-0331**
      **Fax: (19) 232-4019**
15

16    David S. Casey, Jr., Esq.
      Thomas D. Penfield, Esq.
17    CASEY GERRY SCHENK FRANCAVILLA
      BLATT & PENFIELD, LLP
18    110 Laurel Street
      San Diego, CA 92101
19

20    **Tel: (619) 238-1811**
      **Fax: (619) 544-9232**
21

22

23

24         I am readily familiar with the firm's practice of collection and processing correspondence

25    for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

26    day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

27    motion of the party served, service is presumed invalid if postal cancellation date or postage

28    meter date is more than one day after date of deposit for mailing in affidavit.

1        I declare under penalty of perjury under the laws of the State of California that the above

2    is true and correct.

3        Executed on April 18, 2007, at San Diego, California.

4

5

6    *Diana Zottolo*

7    DIANA ZOTTOLO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
ROBERT PAYNE and STEVE BARTILUCCI

## DEFENDANTS
MENU FOODS, INC., a New Jersey corporation, et al.

'07 APR 18  AM 10: 58

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'07 CV 0705

DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Eric J. Benink, Esq. (187434)
KRAUSE KALFAYAN BENINK & SLAVENS, LLP
625 Broadway, Suite 635
San Diego, CA  92101
(See attachment for addl. attorney)

ATTORNEYS (IF KNOWN)
Susan M. Hack, Esq.
HIGGS, FLETCHER & MACK LLP
401 WEST A STREET, SUITE 2600
SAN DIEGO, CA  92101

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. sections 1441 and 1446

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | SOCIAL SECURITY | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [x] 385 Property Damage Product Liability | LABOR | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | | | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [x] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  Docket Number _____

DATE 18 APR 07

SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

137267 $350 Sea 4/18/07

**Attachment to Civil Cover Sheet:**

**PAYNE & BARTILUCCI VS. MENU FOODS, INC., ET AL.**

Attorneys for Plaintiffs:

David S. Casey, Jr., Esq.
Thomas D. Penfield, Esq.
CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD, LLP
110 Laurel Street
San Diego, CA  92101

Tel:(619) 238-1811
Fax:  (619) 544-9232